# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | CASE NO. 4:09-CR-222<br>Judge Folsom |
| JAMES DOUGLAS NICHOLS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Suppress Search With Warrant and Memorandum (Fourth Amendment) (Dkt. #41). Having considered the relevant pleadings, and argument and testimony given at the April 14, 2010 hearing, the Court is of the opinion that Defendant's motion should be denied.

## BACKGROUND

Defendant is charged with Conspiracy to Possess With Intent to Distribute Heroin Resulting in Death in violation of 21 U.S.C. § 846. Defendant seeks to suppress all evidence in connection with the October 6, 2009 search of a residence located at 2733 Macon Street, Dallas, Texas (the "Residence"). Defendant argues that the evidence should be suppressed because it was obtained with an invalid warrant. Defendant argues that the warrant is invalid because a Collin County, Texas, State District Judge issued a warrant to search a residence located in Dallas County, Texas.[1]

## ANALYSIS

Defendant asserts that the search of the Residence was unlawful because "a State District Judge only has authority to issue search warrants for property located within his or her district

---

[1] Defendant also asserts several additional arguments regarding the suppression of evidence in this case. The Court declines to address these arguments at this time because they are not the subject of the current motion.

pursuant to Rule 41(b)(1) of the Federal Rules of Criminal Procedure." Rule 41 does not apply to the current case. "[W]hen a state officer secures a search warrant from a state judge, [Rule 41] is not the rubric for determining whether the search warrant was issued by an appropriate court even when the seized evidence is offered in federal court." *U.S. v. Conine*, 33 F.3d 467, 469 (5th Cir. 1994). "State law controls in this instance." *Id*. The Government contends, and Defendant does not dispute, that the warrant was obtained by an officer with the Plano Police Department and no federal agents were involved in obtaining or executing the warrant. Therefore, the Court holds that Rule 41 does not apply.

Further, the warrant is lawful because "a district judge's duties...are not limited to the district over which he or she presides." *Id.* at 470. "Neither the Texas Constitution, Texas statutes, nor Texas jurisprudence limits a district judge when issuing a search warrant to the judicial district he or she has been elected to serve." *Id*. at 471. "District judges are empowered, by the Texas Constitution, to function judicially throughout the state." *Id*. The Court finds that District Judge Mark Rusch was authorized to issue a search warrant for the Residence located in Dallas County.

Based upon the foregoing, the Court finds that the motion to suppress should be denied.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Suppress (Dkt. #41) should be DENIED.

Upon agreement of the parties, within five (5) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within five days after service shall bar an aggrieved party from *de novo* review by the

district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 16th day of April, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE