# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:09-CR-222 |
| | § | Judge Folsom/Judge Mazzant |
| | § | |
| JAMES DOUGLAS NICHOLS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Dismiss Based Upon Improper Venue (Dkt. #96). On November 29, 2010, the motion was referred to the undersigned for a report and recommendation (Dkt. #99). On January 3, 2011, the Court conducted a hearing on the motion. Don Bailey appeared for Defendant and Tracey Batson appeared for the Government.

On October 28, 2009, a complaint was filed against Defendant alleging a violation of 21 U.S.C. § 846. On November 13, 2009, a federal grand jury in the Eastern District of Texas returned a one-count indictment charging Defendant with a violation of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute Heroin Resulting in Death). On December 9, 2009, the First Superseding Indictment was returned by the grand jury charging Defendant with the same violation of 21 U.S.C. § 846.

It is alleged that beginning in 2007, the exact date unknown to the Grand Jury, and continuing thereafter until on or about October 1, 2009, in the Eastern District of Texas and elsewhere, Defendants William Patrick Baca and James Douglas Nichols did knowingly and intentionally conspire to possess with intent to distribute less than 100 grams of a mixture or substance containing a detectable amount of heroin, which resulted in the death of an individual from the use of such substance, in violation of 21 U.S.C. § 841(a)(1). The First Superseding Indictment also alleges an overt act that Defendants sold a quantity of heroin to Joshua Tritt, which resulted in the overdose

death of Joshua Tritt on October 1, 2009, in Plano, Collin County, Texas, within the Eastern District of Texas.

In the instant motion, Defendant argues that the Court should dismiss the indictment for improper venue in violation of Federal Rule of Criminal Procedure 18 and the Sixth Amendment of the United States Constitution. Defendant asserts the following arguments in his motion: (1) venue is improper in the Eastern District of Texas because the only conduct Defendant accomplished in relation to this indictment was in Dallas County, Texas, which is in the Northern District of Texas; and (2) venue is improper in the Eastern District of Texas because Defendant did not provide the heroin to William Baca or Joshua Tritt.[1] Having considered the relevant pleadings, the Court is of the opinion that Defendant's motion should be denied.

## MOTION TO DISMISS FOR IMPROPER VENUE

The Federal Rules of Criminal Procedure provide, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. 18 U.S.C. § 3237(a) provides:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

18 U.S.C. § 3237(a); *see also United States v. Solis*, 299 F.3d 420, 444-45 (5th Cir. 2002).

When considering a motion to dismiss, the Court considers all well-pleaded facts as true. *United States v. South Florida Asphalt Co.*, 329 F.2d 860, 865 (5th Cir. 1964); *United States v.*

---

[1] Defendant filed this motion to preserve an allegation of improper venue.

*Emilor*, No. 6:07-CR-1, 2008 WL 2152279 at *18 (E.D. Tex. May 21, 2008).

In his motion, Defendant argues that venue is improper in this district because all of the alleged activities involving Defendant occurred in the Northern District of Texas. Count One of the First Superseding Indictment charges, "in the Eastern District of Texas and elsewhere, William Patrick Baca and James Douglas Nichols, defendants, did knowingly and intentionally combine, conspire, confederate, and agree together, with each other, ..." When evaluating a motion to dismiss the indictment, allegations contained in the indictment are taken to be true. *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975). Defendant has therefore been charged with committing a drug offense in the Eastern District of Texas, which is sufficient to provide venue in this district for the purposes of the First Superseding Indictment. As the Fifth Circuit discussed in *Solis*, whether venue is ultimately proper in this district can be reconsidered in the context of a motion for judgment of acquittal. *See Solis*, 299 F.3d at 444-45.

In his motion and at the hearing, Defendant argues that venue is also improper in the Eastern District of Texas because the case against Defendant arises out of allegations of incidents occurring in the Northern District of Texas. The Government argues that venue is proper in this District as alleged in the indictment. The Government asserts that evidence establishes that the Defendant sold the heroin to William Baca who then injected that heroin into Joshua Tritt in Plano, Texas, which is part of the Eastern District of Texas.

Defendant offered the deposition of Suzette Nichols to support the notion that Defendant could not have sold drugs to William Baca on the day in question. Defendant also offered the testimony of Detective George Johnson and William Baca. William Baca testified that Defendant supplied him with the heroin on the day in question.

After taking all well-pleaded facts in the indictment as true, and considering the arguments

made by the parties, the Court finds that venue is proper in the Eastern District of Texas. Defendant offered conflicting evidence which shows that the alleged offense could have "begun, continued, or completed" in this District. Therefore, the Court finds there are sufficient facts to find that the claims against Defendant are properly brought in the Eastern District of Texas and that Defendant's motion to dismiss should be denied at this time

## RECOMMENDATION

The Court recommends that Defendant's Motion to Dismiss Based Upon Improper Venue (Dkt. #96) should be DENIED at this time.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 4th day of January, 2011.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE